**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **LUIS A. RÍOS-RODRÍGUEZ,**<br><br>   **Plaintiff,**<br><br>      **v.**<br><br>**DEPARTAMENTO DE JUSTICIA DE PUERTO RICO, <u>et. al.</u>,**<br><br>   **Defendants.** | **CIVIL NO. 20-1013 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Plaintiff initiated this action *pro se* against the Puerto Rico Department of Justice and Puerto Rico's Secretary of Justice, essentially alleging that on May 3, 2017, a judge assigned to preside over his civil suit in the Bayamón Part of the Court of First Instance of Puerto Rico designated attorney Luis Gierbolini-Rodríguez as Legal Counsel, on July 9, 2019, relieved Mr. Gierbolini of his duties, and since that date, has denied to plaintiff the constitutional right to legal counsel due to racial hatred, revenge, bias, and hostility (Docket Nos. 2 and 9).[1] He seeks $150,000 for physical and emotional damages, plus litigation expenses. Id. Defendants moved to dismiss on various grounds, including Eleventh Amendment immunity and failure to state a claim (Docket No. 34, pp. 8 and 11). For the reasons explained below, defendants' motion is GRANTED and the case DISMISSED.

---

[1] Docket No. 2 is the original hand-written complaint, and Docket No. 9 the English-language translation.

## I.     BACKGROUND

To assist plaintiff in this process, the court has appointed four attorneys (Docket Nos. 12, 18, 25, and 30). The first attorney, Jennifer López-Negrón, withdrew because plaintiff so requested, mainly for disagreeing with counsel's preliminary legal opinion as to the merits of the case (Docket No. 14). The second attorney, Javier Rivera-Vaquer, withdrew due to a conflict of interest that precluded him from representing plaintiff (Docket No. 19). The third attorney, Nayda Pérez-Román, withdrew for the same reason (Docket No. 26). The fourth attorney, Leonardo M. Aldridge, informed the court that he researched the matter and explained it to plaintiff (Docket No. 31).

## II.     DISCUSSION

### A.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens or Subjects of any Foreign State." U.S. Const. Am. XI. Read literally, it applies only to suits against a State by citizens of another State. Nevertheless, its provisions have been extended to cover "suits by citizens against their own States"." Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 362 (2001).

In this construction, the Eleventh Amendment bars suits in federal court against unconsenting states and state officials in their official capacity "when the action is in essence for recovery of money from the state." Edelman v. Jordan, 415 U.S. 651, 663 (1974). The bar operates in cases where the State itself is not a named party if any arm of the State is sued, for "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit

Case 3:20-cv-01013-PAD   Document 42   Filed 09/28/20   Page 3 of 5

Ríos-Rodríguez v. Commonwealth of Puerto Rico, et. al.
Civil No. 20-1013 (PAD)
Memorandum and Order
Page 3

against the official's office." Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014)(quoting Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989)). As such, "it is no different from a suit against the [s]tate itself." Id. Puerto Rico "is treated as a state" under the Eleventh Amendment Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006).

Plaintiff sued the Puerto Rico Department of Justice and Puerto Rico's Secretary of Justice for damages derived from a local judge's rulings regarding appointment of counsel in a civil case. Even though there are no allegations addressed to the Department or the Secretary, both of them – as well as the local judge – are arms of the State. See, Rodríguez-Torruella v. Department of the Army, 2006 WL 8450693, *4 (D.P.R. Sept. 5, 2006)(considering Secretary of Puerto Rico's Department of Justice an arm of the State in light of its functions as the enforcement arm for the executive branch of government); Cinotti v. Adelman, 186 F.Supp.3d 218, 222 (D.Conn. 2016)(construing federal claim against state judge as one brought in his official capacity given that in federal court plaintiff complained of the judge's rulings in state case).

Furthermore, Puerto Rico has not waived its immunity to be sued here (Docket No. 34, p. 10). And plaintiff asked this court to appoint counsel to assist him in this case against "the Commonwealth" (Docket No. 9 at ¶ IV).[2] Therefore, the Eleventh Amendment bars plaintiff's action for damages. See, Miller v. Puerto Rico, 972 F.Supp.2d 220, 222-223 (D.P.R. 2013) (dismissing under Eleventh Amendment case brought against, *inter alia*, Commonwealth of Puerto Rico, the Puerto Rico Office of Court Administration, and Superior Court Judge); Feliciano v. Tribunal Supremo de Puerto Rico, 78 F.Supp.2d 4, 11 (D.P.R.1999)(dismissing claims against two

---

[2] Puerto Rico's official English name is "The Commonwealth of Puerto Rico." See, Resolution No. 22 of Puerto Rico's Constitutional Convention, P.R. Laws Ann. tit. 1, Miscellaneous Provisions, pp. 135-136 (so stating).

Case 3:20-cv-01013-PAD   Document 42   Filed 09/28/20   Page 4 of 5

Ríos-Rodríguez v. Commonwealth of Puerto Rico, et. al.
Civil No. 20-1013 (PAD)
Memorandum and Order
Page 4

Justices of the Puerto Rico Supreme Court and members of Puerto Rico's Board of Bar Examiners, for the Puerto Rico Supreme Court is an arm of the Commonwealth of Puerto Rico, the Board is an administrative arm of the Supreme Court, properly considered the claims were against the Commonwealth of Puerto Rico and thus, not actionable under the Eleventh Amendment or 42 U.S.C. § 1983).

**B.**

Beyond the Eleventh Amendment bar, what plaintiff complains of does not entitle him to prevail. Even though there is no federal constitutional right to appointment of counsel in a civil case unless the litigant may lose his physical liberty if he loses the litigation, Lassiter v. Dep't. of Soc. Servs., 452 U.S. 18, 25 (1981)(discussing topic),[3] there is no indication that plaintiff would lose his physical liberty if he were to lose the local case. He refers to that case as a "Salary Claim." See, Docket No. 9 at ¶ 4. And that is not the type of case that would expose plaintiff to jail if he did not carry the day. In the end, taking all of the Complaint's factual averments as true and drawing all reasonable inferences in the pleader's favor, plaintiff cannot succeed here as a matter of federal law.[4]

### III.   CONCLUSION

For the reasons stated, the case is DISMISSED. Judgment shall be entered accordingly.

---

[3] See also, Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986)("The law is well established that there is no constitutional right to appointment of counsel in a civil case").

[4] The court expresses no view as to Puerto Rico law.

**SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of September, 2020.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE